**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

| | | |
|---|---|---|
| **ADAM DUNBAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action, Case No.:**  5:22-cv-156-BJB |
| **v.** | ) | |
| | ) | |
| **UACJ AUTOMOTIVE WHITEHALL INDUSTRIES, INC.,** | ) | **JURY DEMAND** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## COMPLAINT

---

COMES NOW the Plaintiff, Adam Dunbar, by and through his undersigned counsel, and, for his Complaint, states as follows:

### NATURE OF THE COMPLAINT

1.     This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

### THE PARTIES

2.     Mr. Dunbar is a resident of McCracken County, Kentucky who was, at all relevant times, employed by Defendant UACJ Automotive Whitehall Industries, Inc. at its facility in Paducah, McCracken County, Kentucky.

3.     Defendant UACJ Automotive Whitehall Industries, Inc. is a Delaware corporation with its principal office located at 5175 West Sixth Street, Ludington, MI  49431.  Defendant's registered agent for service of process is CT Corporation System, which may be served at 306 West Main Street, Suite 512, Frankfort, KY  40601.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Mr. Dunbar's federal claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, because they raise federal questions pursuant to 28 U.S.C. § 1331.  The Court also has supplemental jurisdiction over Mr. Dunbar's state-law claims pursuant to 28 U.S.C. § 1367(a)

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Mr. Dunbar in McCracken County, Kentucky, which is located within this judicial district.

6.      Mr. Dunbar filed a timely charge of discrimination with the Equal Employment Opportunity Commission with respect to his Title VII claims set forth below, a copy of which is attached hereto as Exhibit A.  Mr. Dunbar received a Notice of Right to Sue from the EEOC with respect to his Title VII claims less than ninety days prior to the filing of this Complaint, a copy of which is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7.      Mr. Dunbar is an African-American man.

8.      Defendant operates a facility in Paducah, Kentucky at which it manufactures products for the automotive industry.

9.      Defendant hired Mr. Dunbar in or about 2018 to be a Machine Operator.

10.      Over the next three years, Mr. Dunbar was responsible for operating various machines in different work cells to make sunroofs and other car parts.

11.      Mr. Dunbar performed his job competently at all times.

12.    Mr. Dunbar began to be treated differently on the job when the company brought on a new supervisor named Brian in the summer of 2021.

13.    Defendant's policy says that shoulder length hair must be pulled all the way up such that no length of hair is hanging down.

14.    Mr. Dunbar and several White employees had hair that was shoulder length or longer.

15.    Mr. Dunbar always attempted to put his hair up, but his hair would sometimes slip down as his work shift progressed.

16.    Brian, the supervisor, frequently walked past multiple White employees who had their hair hanging down to chastise Mr. Dunbar about his hair.

17.    On several occasions, Mr. Dunbar asked Brian if he was going to do anything about the White employees whose hair was down, at which point Brian would politely tell those employees to put their hair up, which they would do until Brian walked away.

18.    White employees would put their hair up long enough for Brian to walk off and then they would take it back down, while Mr. Dunbar would leave his hair up for the full shift.

19.    Still, Brian issued three writeups to Mr. Dunbar then gave him a two-day suspension based on his hair falling after he had put it up.

20.    When Mr. Dunbar returned from his suspension, he kept his hair up all the time and even wore a hoodie to ensure his hair was covered at all times.

21.    Unable to discipline Mr. Dunbar for his hair at that point, Brian began going to other employees and encouraging them to go to Human Resources and make complaints about Mr. Dunbar's work performance.

22.     When a Black employee failed to make any complaints about Mr. Dunbar to HR, Brian returned to the employee and pressured him to make a complaint.

23.     Mr. Dunbar addressed these issues with Defendant, but Defendant took no action.

24.     On Mr. Dunbar's last work shift, he went to HR multiple times and called the corporate hotline to report that he was being harassed and targeted, but Defendant did nothing to protect him.

25.     Instead, Brian and a lead employee stopped Mr. Dunbar from working to complain that he was "lazy" and a poor worker, then fired Mr. Dunbar when he pushed back on complaints about his work ethic while they were impeding the work he had been doing.

26.     Mr. Dunbar was treated differently because he was Black.

27.     The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

28.     As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Mr. Dunbar has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

**COUNT I**

**RACE DISCRIMINATION IN VIOLATION
OF TITLE VII OF THE CIVIL RIGHTS ACT**

29.     Mr. Dunbar realleges and incorporates herein the allegations contained in Paragraphs 1 – 28.

30.     Defendant's actions alleged herein constitute discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

31.     Mr. Dunbar's race was a motivating factor in Defendant's treatment of him.

32.    Defendant's actions on the basis of Mr. Dunbar's race were willful and knowingly committed.

33.    As a direct and proximate result of Defendants' adverse treatment of Mr. Dunbar in violation of Title VII of the Civil Rights Act of 1964, Mr. Dunbar was injured and suffered damages.

34.    Mr. Dunbar has sustained a loss of back pay, benefits, incidental expenses, and front pay.

35.    Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Mr. Dunbar's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT II

### RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

36.    Mr. Dunbar realleges and incorporates herein the allegations contained in Paragraphs 1 – 35.

37.    Defendant's actions alleged herein constitute retaliation for Mr. Dunbar's complaints about race-based treatment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

38.    Defendant's actions on the basis of Mr. Dunbar's race were willful and knowingly committed.

39.    As a direct and proximate result of Defendant's adverse treatment of Mr. Dunbar in violation of the Title VII of the Civil Rights Act of 1964, Mr. Dunbar was injured and suffered damages.

40.     Mr. Dunbar has sustained a loss of back pay, benefits, incidental expenses, and front pay.

41.     Defendant engaged in the discriminatory practices alleged in the second cause of action with malice and/or with reckless indifference to Mr. Dunbar's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT III

### RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

42.     Mr. Dunbar realleges and incorporates herein the allegations contained in Paragraphs 1 – 41.

43.     Defendant's conduct constitutes illegal race discrimination and retaliation in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

44.     As a result of Defendant's conduct, Mr. Dunbar was injured and suffered damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1.     That Defendant be served and required to answer within the time prescribed by law;

2.     That a jury of eight try this cause;

3.     That the Court award Plaintiff judgment for damages of the lost compensation he has suffered from the date of Defendant's unlawful actions in an amount to be proven at trial;

4.     That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5.      That Defendant be ordered to pay punitive damages pursuant to Counts I and II in an amount to be determined at trial;

6.      That the Court award Plaintiff additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial pursuant to Counts I – III;

8.      That costs and attorneys' fees be assessed against Defendant pursuant to 42 U.S.C. § 2000e-5(k) and Ky. Rev. Stat. § 344.450;

9.      That costs and discretionary costs be taxed against Defendant;

10.     That pre-Judgment and post-Judgment interest be assessed against Defendant, as provided by law;

11.     That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

12.     For such other and further relief as the Court may find appropriate.

Respectfully Submitted,

 s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
            TN BPR # 021714
            IL ARDC # 6322019

Sullenger Law Office, PLLC
2508 Jackson Street
Paducah, KY  42003
Voice: (270) 443-9401
Fax:    (270) 596-1082

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Adam Dunbar*